## NATIONAL LABOR RELATIONS BOARD v. RATH PACKING CO.

### No. 481, Original.

Circuit Court of Appeals, Eighth Circuit.

Nov. 28, 1941.

Leslie Clifford, Atty., National Labor Relations Board, of Washington, D. C.,

(Robert B. Watts, Gen. Counsel, National Labor Relations Board, Malcolm F. Halliday, Asst. Gen. Counsel, National Labor Relations Board, and Gerhard P. Van Arkel and William F. Guffey, Jr., Attys., National Labor Relations Board, all of Washington, D. C., on the brief; Frank A. Mouritsen, Atty., National Labor Relations Board, of Washington, D. C., on the petition), for petitioner.

B. F. Swisher, of Waterloo, Iowa (Swisher, Cohrt & Gillilland, of Waterloo, Iowa, on the brief), for respondent.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The National Labor Relations Board, by a petition, with supporting affidavits, filed August 25, 1941, has charged the respondent and certain of its officers with having violated the decree of this Court entered in this case on October 31, 1940. 8 Cir., 115 F.2d 217. That decree directed the enforcement of an order of the Board entered August 18, 1939, which, among other things, required the respondent to cease and desist from dominating and interfering with the administration of the Employees Representative Council of Plant Employees of the Rath Packing Company (hereinafter called the Council) or the formation or administration of any other labor organization of its employees, and from contributing support to the Council or to any other labor organization of the respondent's employees. In its petition the Board asks that the respondent and its officers be required to show cause why they should not be adjudged in contempt, and that they be adjudged in contempt, for having disobeyed the decree on the ground that, since the decree was entered, the respondent has dominated and supported a labor organization of its employees known as Independent Packinghouse Workers' Association (hereinafter called Independent). The Board asks that the respondent and its officers be required to comply with the decree and to withdraw recognition from and to disestablish Independent as the representative of the respondent's employees, and to notify them that it has taken such action as this Court may require. The Board also asks that it be awarded costs and reasonable attorneys' fees and that this Court take such further action and grant such other relief as may be just and proper.

Upon the petition of the Board, this Court issued its order directing the respondent and its officers to file their answer to the petition, and to show cause on October 11, 1941, why they should not be adjudged guilty of contempt. They filed an answer, together with supporting affidavits, denying that they had violated the decree of this Court, and asserting that they had not dominated or supported the administration of Independent, and that Independent was not the same organization as the Council, which had been disestablished, and was not an outgrowth of the Council. In their answer, the respondent and its officers asked that the Board's petition be dismissed. Upon the return day of the order to show cause, the parties appeared and presented oral arguments. Briefs were also submitted.

The Board contends that its verified petition and the supporting affidavits so clearly show that Independent is the same organization as the Council or that it is an outgrowth of the Council, and that Independent was formed and administered with the assistance of the supervisory employees of the respondent and has been favored with the respondent's influence and support, that this Court would be justified in adjudging the respondent and its officers guilty of contempt without further proceedings.

The respondent and its officers, on the other hand, argue that the petition and the petitioner's affidavits are insufficient to justify a further inquiry with respect to the charges which the Board has made, and that the verified answer and the affidavits in support of it completely refute the charges, and that this Court should dismiss the petition.

■ The showing of the Board is persuasive that Independent is a continuation, or the successor, of the Council, and that it is not free from the congenital defect of employer influence and support which caused the disestablishment of the Council. To avoid having a new labor organization regarded as the alter ego or the successor of an old labor organization that was subject to employer domination, it must appear that, prior to the formation of the new organization, the employees were advised by their employer, in substance, that all recognition of the old organization by him had ended, that they were entirely free to join or not to join any other labor organization, and that the employer was completely indifferent as to what organization they joined. Westinghouse Electric & Mfg. Co. v. National Labor Relations Board, 2 Cir., 112 F.2d 657, 660, 661; Kansas City Power & Light Co. v. National Labor Relations Board, 8 Cir., 111 F.2d 340, 346, 347; National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 60 S.Ct. 203, 84 L.Ed. 219; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 600, 61 S.Ct. 358, 85 L.Ed. 368. The weakness of the respondent's showing is that it fails to point out definitely how or when, prior to the organization of Independent, the respondent brought to the attention of all its employees that it had withdrawn all recognition from the Council and that each of them was free to join or not to join any other labor organization and that the respondent was completely indifferent as to what they did in that regard. The respondent and its officers have, however, denied the charges of the Board and have denied any violation of the decree of this Court.

■ It is our opinion that issues of fact affecting substantial rights should not be decided upon affidavits, if that can be avoided. Whether the respondent and its officers have disobeyed the decree of this Court; whether, if they have, their disobedience is technical and inadvertent or substantial and deliberate; and what action, remedial or disciplinary, is required to cure such disobedience, if any, are questions which we think should be determined from evidence. The weakness of accepting affidavits as evidence is well understood. It is often impossible to determine whether affiants are speaking from personal knowledge, from hearsay or from belief. The weight which should be accorded their statements cannot be estimated, since little knowledge of an affiant's character or of his prejudices can be gleaned from his affidavit. We think that the Board should be required to prove its charges by competent and material evidence, and that the respondent and its officers should be accorded the right to be confronted by the Board's witnesses and to cross-examine them and to adduce evidence to disprove the charges made by the Board.

The Board is of the opinion that if evidence is to be taken, it should be taken by this Court or by one of its members. We agree that if it was feasible for this Court to try the issues itself, that should be done, but it is not feasible. This is a large cir-

cuit and the Court is a busy court. Other matters of equal importance are awaiting disposition.

For the convenience of witnesses, the testimony in this case should be taken at. Waterloo, Iowa, where the plant of the respondent is located. We shall appoint a special master to act for the Court in the taking of testimony. When he has taken the testimony, he will report it to the Court, together with a summary of it and his recommendations for findings of fact. When the special master's report has been received, we will afford the parties an opportunity to argue the case orally and to present additional briefs if they desire to do so.

Philip C. Yothers, of Cedar Rapids, Iowa, is appointed Special Master.