COHN et al. v. KRAMER et al.
No. 9442.

Circuit Court of Appeals, Sixth Circuit.
June 2, 1943.

294

Wm. Henry Gallagher, of Detroit, Mich., for appellants.

Ralph E. Routier, of Detroit, Mich., for appellees.

Before HICKS, MARTIN, and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

This court, in Cohn v. Kramer, 6 Cir., 124 F.2d 791, affirmed a decree of the District Court, dismissing the bill of appellants which prayed a reduction in their rental for motion picture theatre premises in Detroit leased from appellees, and granting the prayer of the cross-bill of appellees for cancellation of the lease for fraud and breach of contract. The facts of the case will not be reiterated.

The same appellants are now here on appeal from an order of the District Court adjudging them in contempt for violation of the affirmed decree, in that they have prevented appellees from obtaining for the Kramer theatre license contracts for the exhibition of motion pictures produced by either major or independent producers.

The contempt order directed, also, that appellees should, during 1942–1943, have the right to "a fair equal division of the film prints of major and minor motion picture producers now or hereafter licensed for exhibition by Plaintiffs [appellants] at either the Senate or the Crystal theatres"; and "required" appellants "to release" such "equal division" by notifying the producers to deliver film prints to the Kramer theatre.

The elaborate petition of appellants, upon which the order of the District Court was entered, prayed not only for an order to show cause why appellants should not be adjudged in contempt of court for violation of the affirmed decree, but for the relief which was granted with respect to the division of motion picture films and for other relief, the quantity and character of which, as allowed by the District Court, can only be conjectured from its vague and confusing decree.

Appellants moved to dismiss the petition, as stating matters not germane to the original pleadings and matters unrelated to the affirmed decree, and as presenting matters properly presentable only in an original bill; and for the further reasons that the affirmed decree had been fully satisfied of record, and that the petition failed to state facts constituting contempt of court.

The fifty-page transcript of the proceedings on the hearing of the motion of appellants to dismiss the petition of appellees reveals a running-fire colloquy between Court and counsel for the contending parties. In paragraph 7 of the decree, ap-

pellants had been enjoined not only from interference with the entry of appellees upon the Kramer theatre property, but from interfering in any manner with their making "license contracts for exhibition of motion picture products manufactured by the major or independent producers."

The attorney for appellants argued, inter alia, that the prayer of the petition sought not only punishment for contempt, but summary relief upon a petition introducing new facts; and that the Sherman and Clayton Anti-Trust statutes, 15 U.S.C.A. §§ 1–7, 15 note and 38 Stat. 730, had been, without right, projected into the case. Apparently impressed, the District Judge stated to the attorney for appellees: "You claimed that these men [the appellants] agreed to furnish a certain class of pictures, and that they were in control of this so-called—whatever it was, the Cooperative something, and that they had them and could obtain them, and others could not obtain them by reason of this close corporation or whatever it was, and that therefore they violated the terms and conditions of their lease by not furnishing that class of pictures. This court was not, under any circumstances, at any time, as I remember it, called upon to hold that this was a trust. In other words, why don't you bring a direct proceeding against them?" The attorney for appellees argued that, in the face of the Court's decree, the appellants had, through a cooperative organization, obtained all license contracts, so that "there is no product for the Kramers [the appellees] to procure for the operation of their theatre."

But the District Judge stood firm. He said: "I don't care; I was satisfied at the time that they were running that organization [the Cooperative] and controlled it, and I held with you that by the way in which they manipulated those pictures he violated the conditions of his lease in that he did not furnish the Kramer with the class of pictures that was contemplated by the lease. I didn't say, 'they are an illegal trust and we are going to put them out of business, and upon event of the end of this lawsuit and the decree, I am going to compel them thereafter, for years to come, to go ahead and furnish the Kramer Theatre with the class of pictures'; that never was within the scope of that lawsuit, and I am holding against you on it."

Vigilant counsel for the appellees pressed his argument further, to the end that the Court said: "I am trying to follow you. I will grant you that you are entitled to relief, but not in this case. It is beyond the scope, it is not germane to this case." Later, the Court commented, "I don't want to do anyone any injury, but I don't want to get you into a lawsuit where I fear it will be reversed when you can proceed separately and arrive at your relief."

Toward the close of the hearing, the Court indicated that the matter would be taken under advisement and requested that the attorney for appellees prepare a form of order. Obviously, and not unreasonably from the entire colloquy, thinking that he had won his argument, the attorney for appellants, when asked if he desired to be heard further, replied that little could be added to the logic of the Court's position. The advocate added, however: "Understand, now I have just made a motion to dismiss, I haven't filed any answer and so I want to ask him in his general—".

The Court interrupted, "I take it you deny all the allegations in the petition that is filed?"

The attorney replied: "I will file an answer, if this petition is denied and ask for a hearing then upon the petition and the answer."

The appellants thus made it crystal clear that they were not standing finally upon their motion to dismiss, but were reserving the right to file an answer. They were not afforded this opportunity; for, without opinion or findings, the District Court entered the summary order from which this appeal has been taken. The order of the District Court must be reversed.

In a civil contempt proceeding for violation of a decree, the respondent is entitled to opportunity to controvert the charges against him; and, when he denies the charges, the burden rests upon the petitioner to prove by evidence that the decree has been violated. If the facts alleged as violation are neither admitted nor proven, the respondent may not be adjudged in contempt. This is elementary law. See N.L.R.B. v. Whittier Mills Co., 5 Cir., 123 F.2d 725, 727; N.L.R.B. v. Rath Packing Co., 8 Cir., 123 F.2d 684, 685.

The Supreme Court has declared that, "in contempt proceedings for its enforcement, a decree will not be expanded by implication or intendment beyond the meaning of its terms when read in the light of the issues and the purpose for which

the suit was brought, and the facts found must constitute a plain violation of the decree so read." Terminal R.R. Association v. United States, 266 U.S. 17, 29, 45 S.Ct. 5, 8, 69 L.Ed. 150.

It would seem that the only sound course to be pursued is to reverse the order of the District Court with direction that appellants be permitted to file an answer. If their answer denies any material facts alleged in the petition, the District Court must try the controverted fact issues and, upon the trial, require petitioners to carry the burden of proof. On the present nebulous state of the record, it will be neither feasible nor appropriate for the Court of Appeals to undertake to construe paragraph 7 of the decree, or to adjudicate questions of law, which may or may not be necessary for ultimate decision. The District Court should first construe its own decree clearly and unequivocally, before the Court of Appeals assumes to review its interpretation. This court cannot undertake to say whether, in any aspect, the decree which it affirmed has been violated by the appellants until their actions are comprehensibly recorded, with appropriate findings on disputed facts.

The decree of the District Court is reversed; and the cause is remanded.